**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, | No. CV-25-00151-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Nero, et al., | |
| Defendants. | |

On April 15, 2025, pro se Defendant/Appellant Chris Nero filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. 10) ("Appeal"). Before the Court is Defendant's Motion and Affidavit for Permission to Proceed in Forma Pauperis on appeal (Doc. 11) ("Application").

**I.  Background**

On April 2, 2025, Defendant removed eviction proceedings from state court to the District of Arizona. *See* Doc. 1. On April 9, 2025, the Court remanded the case for lack of federal question jurisdiction. Doc. 8. Defendant appeals the Court's Letter of Remand to Pima County Superior Court (Doc. 9), issued by the Clerk of Court. *See* Doc. 10 at 1.

**II.  Discussion**

**A. Federal Rules of Appellate Procedure**

Under the Federal Rules of Appellate Procedure, a party who wishes to appeal a district court order in forma pauperis must file a motion in the district court and

> attach an affidavit that (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees

and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Defendant filed Form 4 and states that he has no income, assets, or financial support and that he is financially unable to pay filing fees for the appeal. Doc. 11. Defendant states he holds no personal property because all fiduciary property is held in trust. *Id.* at 9. Defendant invokes his right to proceed in forma pauperis on appeal "as a Private Attorney General and Executor acting in constitutional and public interest capacity." *Id.* Defendant's Appeal cites only to the Clerk of Court's Letter of Remand as the basis for his appeal. *See* Doc. 10. But Defendant's Application states the appeal is based on dismissal of his crossclaim and for "commercial dishonor and judicial abandonment." Doc. 11 at 9.

### B. Frivolous Claims

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," and factually frivolous claims are those premised on "clearly baseless" factual contentions. *Id.* at 327–28.

The Court remanded Defendant's case to state court because this Court lacked subject matter jurisdiction over Plaintiff's original complaint. Doc. 8. Defendant's attempts to conjure federal jurisdiction by implicating federal law in his counterclaims or defenses are meritless. *Id.* at 2.

As to whether Defendant's appeal is taken in good faith, the Court notes that Defendant's arguments and defenses are replete with "sovereign citizen" ideology—an "utterly meritless" legal theory that has been "consistently and thoroughly rejected by every branch of the government for decades." *United States v. Studley*, 783 F.2d 934,

937 n.3 (9th Cir. 1986); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."). Defendant does not seek review of at least one non-frivolous claim or issue. Thus, the Court will deny Defendant's Motion and certify that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

### III.   ORDER

Accordingly,

**IT IS ORDERED denying** Defendant's Motion and Affidavit for Permission to Proceed in Forma Pauperis (Doc. 11). Defendant may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of the date of this Order. Fed. R. App. P. 24(a)(5). Any such motion must include (1) a copy of this Order and (2) the affidavit required by Federal Rule of Appellate Procedure 24(a)(1).

**IT IS FURTHER ORDERED certifying** that Defendant's Appeal (Doc. 10) is not taken in good faith.

**IT IS FURTHER ORDERED directing** the Clerk of Court to immediately notify Defendant and the Ninth Circuit Court of Appeals of this Order, pursuant to Fed. R. App. P. 24(a)(4).

Dated this 24th day of April, 2025.

John C. Hinderaker
United States District Judge